NATALIE K. WIGHT, OSB # 035576
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:23-cr-000351-AN** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **RENE MAURICE CHANDLER,** | **Sentencing: August 21, 2024** |
| **Defendant.** | |

The government asks the Court to sentence defendant to 24 months' imprisonment, to be followed by a one-year term of supervised release, to include the requirement that defendant pay restitution to the victim.

**A. Summary of Proceedings.**

On May 28, 2024, defendant pled guilty to Count 1 of the Indictment which charged him with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. The maximum sentence the Court may impose is a mandatory penalty of two (2) years' imprisonment, a fine of up to $250,000 or twice the gross gain to the defendant or the gross loss to any person other than the

defendant, whichever is higher, and a one year term of supervised release. There is also a $100 fee assessment. Restitution is mandatory.

A Presentence Report (PSR) has been completed. Sentencing is currently set for August 21, 2024. The government believes that the facts underlying the defendant's count of conviction, his sentencing calculations, his criminal history, and his personal history and characteristics are accurately laid out in both the PSR and his plea agreement. In his plea agreement defendant admitted the following:

> [O]n or about July 24, 2023, in the District of Oregon, he knowingly possessed and used, without lawful authority, means of identification of Adult Victim 1 (AV1), including AV1's name, [driver's license][1], and date of birth, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: 18 U.S.C. §§ 1343 (wire fraud) and 1344 (bank/financial institution fraud), which act involved him applying for and financing the purchase of a vehicle by using AV1's name, [driver's license], and date of birth, all while knowing that the means of identification belonged to another actual person. On July 24, 2023, defendant purchased a 2017 Land Rover for $41,900, providing a cash downpayment of $5,689.00 and financing the rest of the purchase price. Defendant applied for and received financing from a financial institution by using AV1's personal information and defendant's application for financing involved the use of interstate wire transmissions and resulted in him defrauding the financial institution into extending financing for the purchase of the vehicle, a purchase defendant would not have otherwise been able to make in his own name.

Plea Agreement ¶ 5.

Defendant was arrested here in Oregon on September 27, 2023, after Deputies with United States Marshals Service (USMS), developed information that defendant, a fugitive with multiple "no bail" arrest warrants for serious sexual assault and robbery cases out of Cook County, Illinois, was in Portland Oregon. In April 2020, defendant, who was pending trial in

---

[1] The plea agreement initially referenced the use of a social security number which was corrected in court by interlineation to reflect the use of a driver's license.

Cook County, Illinois at the time cut off his GPS electronic monitoring bracelet and fled the state. Deputies also learned defendant was independently being investigated by the Portland Police Bureau for identity theft, which was the crime to which he eventually pled guilty. On September 27, 2023, USMS Deputies located defendant outside of the Grand Prix Auto Spa, located at 1233 SW 17th Avenue, Portland, Oregon and took him into custody. When defendant was arrested he was found in possession of a loaded firearm.

After his arrest in Portland, Oregon defendant was transported to the Multnomah County Jail and booked on his multiple outstanding Cook County, Illinois warrants. An Oregon state court judge subsequently authorized defendant's release on bail. While defendant was in the process of being released from the jail the USMS reached out to the U.S. Attorney's Office about pursuing charges for the federal crimes of felon in possession of a firearm and identity theft, which were authorized. Defendant was then arrested and a detainer was placed on him for the federal charges of felon in possession of a firearm and identity theft and he was held without bail. On September 30, 2023, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and a Detective with the Portland Police Bureau submitted two separate criminal complaints and arrest warrants charging defendant with the federal crimes of felon in possession of a firearm and identity theft, both of which were then authorized by a U.S. Magistrate Judge. Defendant made an initial appearance in federal court on October 2, 2023, and he was detained.

The government has been informed that defendant still has multiple outstanding warrants for his arrest, to include:

///

| Case Number | Location | Charges |
| --- | --- | --- |
| 18cr1289301 | Cook County, Illinois | Aggravated Criminal Sexual Assault/Bodily Harm (three counts), Aggravated Criminal Sexual Assault (three counts), and Aggravated Battery / Public Place. |
| 18cr1289401 | Cook County, Illinois | Aggravated Criminal Sexual Assault/Bodily Harm (three counts) |
| 19cr0362301 | Cook County, Illinois | Robbery |
| 23cr0395201 | Cook County, Illinois | Escape/Violating Electronic Monitoring |

The government has also been informed by law enforcement that defendant is wanted for a theft case in Centennial, Colorado; a bribery case in Brighton, Colorado; and, another theft case in Eagle County, Colorado.

**B. Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). "The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008)(quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id.*

The sentencing guideline for Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A, is the statutorily required 24-month term of imprisonment. U.S.S.G. § 2B1.6(a). Chapters Three (Adjustments for such things as Acceptance of Responsibility, Role, etc.) and Four (Criminal History and Criminal Livelihood) do not apply. *Id.*

///

**C. Government's Recommended Sentence.**

Pursuant to 18 U.S.C. §§ 1028A and 3553(a) the parties asks the Court to sentence defendant to 24 months' imprisonment, to be followed by a one-year term of supervised release. We also ask the court to order restitution in an amount to be determined. Restitution is mandatory and defendant has agreed to pay it. Plea Agreement ¶ 11. The government has asked the victim for restitution information but has not yet received it. The parties will ask the Court to schedule a restitution hearing within 90 days following the sentencing hearing.

Defendant has already voluntarily abandoned all right, title, and interest to the firearm and ammunition involved in Case No. 3:23-cr-00351-AN. Plea Agreement ¶ 12.

At the time of sentencing we ask the Court to dismiss defendant's companion case 3:24-cr-00352-AN.

There is an appeal waiver.

Dated: August 9, 2024.

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/ Scott Kerin

SCOTT M. KERIN, OSB # 965128
Assistant United States Attorney